**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry JOHNSON, Defendant–Appellant.**

No. 12–11048
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 8, 2012.

Karen Atkinson, Wifredo A. Ferrer, Shaniek Mills Maynard, Kathleen Mary Salyer, Anne Ruth Schultz, U.S. Attorney's Office, Miami, FL, Ann Marie C. Villafana, U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Beatriz Galbe Bronis, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Terry Johnson appeals the district court's denial of his *pro se* motion to reduce his total sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. Sentenced as a career offender, Johnson does not dispute that, under *United States v. Moore,* 541 F.3d 1323 (11th Cir.2008), he would be ineligible for § 3582 relief, *see id.* at 1327–28. Nonetheless, he insists that he is entitled to a sentence reduction under § 3582 because the Supreme Court's intervening decision in *Freeman v. United States,* ——— U.S. ———, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), effectively "undermined" *Moore.*

However, in *United States v. Lawson,* 686 F.3d 1317 (11th Cir.2012), we rejected precisely the argument that Johnson advances here. In that case, we concluded that *Freeman* did not address defendants like Johnson, "who were assigned a base

offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1 [the career-offender enhancement]." *Id.* at 1321. Consequently, *"Freeman* is not 'clearly on point' to the issue that arose in *Moore,"* *id.* at 1321, thereby leaving *Moore* undisturbed as "binding precedent," *id.* at 1321.

*Lawson* thus forecloses Johnson's argument. And since the rule set forth in *Moore* still applies, we conclude that Amendment 750—which altered only Johnson's base offense level—does not affect the sentence that Johnson received pursuant to the career-offender guidelines. *See id.* at 1319–21.

The district court's denial of Johnson's motion for a reduction in his total sentence is therefore **AFFIRMED.**